IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joshua Lynn Robinson, | ) | C/A No. 6:24-cv-3012-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Brittany Scott, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On July 2, 2024, the Magistrate Judge issued a Report recommending that this action be summarily dismissed. ECF No. 22. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed a motion for preliminary hearing and objections to the Report.[1] ECF Nos. 28, 29.

---

[1] Plaintiff has also filed eight letters and a copy of various state court documents since the issuance of the Magistrate Judge's Report. ECF Nos. 24, 25, 26, 27, 30, 31, 32, 33, 34, 37. The Court has thoroughly reviewed all of the documents filed by Plaintiff and, out of an abundance of caution for a pro se party, considers all of these documents as supplemental objections.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends summary dismissal of this action because Defendant is entitled to prosecutorial immunity. Plaintiff objects and asserts that there are various issues in his underlying criminal action, including, inter alia, with discovery and his ankle monitor; that Defendant has engaged in a conspiracy against him; that his arrest violated his Fourth Amendment rights; that Defendant is maliciously prosecuting him by failing to drop his charges; and that Defendant is responsible for the injuries he suffered during the arrest. Plaintiff also requests leave to amend the complaint to add another prosecutor in Pickens County. As noted above, Plaintiff also filed a motion for preliminary injunction.

Upon de novo review, the Court agrees with the recommendation of the Magistrate Judge that Defendant is entitled to prosecutorial immunity.  Prosecutors are absolutely immune from civil liability for activities in or connected with judicial proceedings such as criminal trials, bond hearings, bail hearings, grand jury proceedings, and pretrial motions hearings.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 267–71 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).   Plaintiff's allegations of improper behavior connected to his prosecution fail to overcome the immunity afforded to Defendant.  The Court specifically notes that Plaintiff attempts to tie Defendant to his injuries sustained during his arrest; however, his allegation that Defendant is "liable because [she has] acted on account of a constitutionally protected characteristic" fails to sufficiently allege personal involvement.  *See* ECF No. 29 at 1; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that liability under § 1983 "requires personal involvement").  It also appears that Plaintiff is attempting to impose supervisory liability on Defendant with respect to actions by employees of the Greenville County Detention Center, the Greenville County Sheriff Department, the Easley Police Department, and Greenville County Department of Social Services.[2]  The Court has thoroughly reviewed these allegations and finds that Plaintiff fails to state a plausible claim for relief with respect to

---

[2] Plaintiff makes the supervisory liability allegations regarding the Easley Police Department and Greenville County Department of Social Services employees against Morgan Cancel, a Pickens County prosecutor.  The Court will address Plaintiff's request to add Cancel to this action below.  Out of an abundance of caution for a pro se party, the Court has liberally construed Plaintiff's allegations as also directed at Defendant.

3

this claim.[3]  *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023) ("Liability is thus determined person by person: A plaintiff must show each Government-official defendant, through the official's own individual actions, has violated the Constitution." (internal quotation marks omitted))

Plaintiff requests leave to file an amended complaint to add Morgan Cancel, a Pickens County prosecutor, to this action.  Based on the foregoing, the Court finds that Cancel would also be afforded prosecutorial immunity.  Accordingly, the request is denied as futile.  Fed. R. Civ. P. 15(a) (stating that leave to amend "shall be freely given when justice so requires."); *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (holding that a "motion to amend should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." (internal quotation marks and citation omitted)).  Further, the Court finds that Plaintiff has failed to establish any reason to conduct a preliminary hearing.  Accordingly, that motion is denied.

Therefore, based on the foregoing, the Court agrees with the recommendation of the Magistrate Judge.  This action is **DISMISSED** with prejudice, without issuance and service of process, and without leave to amend.  The motion for preliminary hearing [28] is **DENIED**.

---

[3] At various points in his filings, Plaintiff also requests injunctive relief with respect to his ongoing criminal prosecution.  To the extent he requests that this Court interfere in his state proceeding, abstention is appropriate pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  *See Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (noting that a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 25, 2024
Spartanburg, South Carolina

5